

FILED

OCT 0 9 2013

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW BLACK EAGLE,<br><br>Defendant. | CR 12-32–GF–DLC-RKS<br><br><br><br>ORDER |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on September 12, 2013. He found that Defendant violated the Preamble to Standard Conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release. Judge Strong recommends that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months with 18 months supervised release to follow. Defendant timely objected to Judge Strong's recommendation and is therefore entitled to *de novo* review of the specified findings or recommendations to which

1

he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981).

This Court agrees with Judge Strong's finding that Defendant violated the Preamble to Standard Conditions of his supervised release by failing to report to his probation officer. Defendant's excuse for failing to contact his probation officer–that he believed he had prevailed on his appeal and was not subject to supervised release–is contrary to the evidence before the Court and is not credible. Judge Strong is also correct that the United States Sentencing Guidelines call for 3 to 9 months imprisonment, and a term of supervised release up to 24 months less any custodial time imposed.

Defendant objects to Judge Strong's recommended sentence on the basis that his offense of conviction, Storing Hazardous Waste Without a Permit, has no relation to alcohol or drug use and thus these conditions of supervised release are inappropriate. Defendant also argues that the community does not benefit by his supervision because his underlying crime is not capable of repetition. These objections miss the mark because Defendant's sentence is being revoked due to his failure to contact his probation officer after his release, not for using alcohol or

2

drugs. Further, Defendant failed to appear for his revocation hearing and had to be arrested and brought before the Court. Judge Strong is correct that these actions demonstrate Defendant's complete lack of respect for Court orders, warranting a short term of imprisonment and continued supervised release. While the Court sympathizes with the difficulties Defendant faced upon his release from custody, this violation could have easily been avoided by a simple phone call to his probation officer.

This Court agrees that a sentence of 6 months custody followed by 18 months of supervised release is appropriate given Defendant's history of a prior supervised release violation and his noncompliance with Court orders. These facts justify a guidelines sentence and Judge Strong's recommendations will be adopted in full.

IT IS ORDERED that Judge Strong's Findings and Recommendations (doc. 80) are ADOPTED in full and Judgment shall be entered accordingly.

DATED this 9th day of October, 2013.

Dana L. Christensen, Chief Judge
United States District Court